LYDIA E. CENTENO CRUZ e IVONNE GONZÁLEZ MORALES, demandantes y recurridas, *v.* HÉCTOR RIVERA CRUZ ET AL., demandados y recurrentes.

*Número:* RE-86-594 *Resuelto:* 28 de junio de 1991

*Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General, y Miriam Álvarez Archilla, Procuradora General Auxiliar,* abogados de los recurrentes; *Ivonne González Morales,* abogada de la recurrida y *pro se.*

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

La cuestión suscitada en este recurso es si las recurridas tienen derecho a exigir que se les satisfaga el pago global de la licencia por enfermedad acumulada en su puesto al momento de su separación del servicio público para acogerse a una pensión diferida al amparo de la Ley Núm. 125 de 10 de junio de 1967, según enmendada, 3 L.P.R.A. sec. 703a. A la luz de lo resuelto en *Caballero v. Sistemas de Retiro,* 129 D.P.R. 146 (1991), resolvemos en la afirmativa.

Además, resolvemos la validez de la directriz impartida por el Director de la Oficina Central de Administración de Personal (O.C.A.P.) en el sentido de que aquel empleado

que se acoge a la pensión diferida y se le efectúa el pago global de la licencia por enfermedad acumulada, está imposibilitado de retirar posteriormente sus aportaciones al sistema de retiro del personal del Gobierno (Sistema de Retiro). Memorando Especial Núm. 8-84 de 28 de diciembre de 1984. Resolvemos que tal directriz es legalmente válida.

## I

La demandante recurrida, Lydia E. Centeno Cruz, inició su carrera en el servicio público en 1970. El 24 de septiembre de 1985 renunció al puesto regular de carrera de Oficial de Personal IV que ocupaba en la división de personal del Departamento de Recursos Naturales para acogerse a la pensión diferida dispuesta en la ley de retiro del personal del Gobierno (Ley de Retiro), Ley Núm. 447 de 15 de mayo de 1951, según enmendada, 3 L.P.R.A. sec. 766(A). Para la fecha de su renuncia era participante y había cotizado más de diez (10) años en el Sistema de Retiro y tenía acumulados noventa (90) días de licencia por enfermedad.

La codemandante recurrida, Ivonne González Morales, comenzó a trabajar en el servicio público en 1977. El 30 de noviembre de 1985 renunció al puesto de carrera regular de abogada que ocupaba en la oficina de asuntos legales de la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P.) para acogerse a la pensión diferida dispuesta en la Ley de Retiro, 3 L.P.R.A. sec. 766(A). Según surge de la Certificación de 27 de mayo de 1986, expedida por el jefe interino de la División de Cuentas a Participantes de la Administración de los Sistemas de Retiro, al momento de su renuncia, la licenciada González sólo tenía nueve (9) años acreditados o cotizados al Sistema de Retiro, 3 L.P.R.A. sec. 765, aunque había servido por más de diez (10) años naturales al servicio público.

Ambas recurridas exigieron a las respectivas agencias, de las cuales dimitían, que le hicieran efectivo el pago global de la licencia por enfermedad acumulada hasta un máximo de noventa (90) días laborables a su separación del servicio. Ambas agencias negaron el pago de dicha licencia aduciendo que, a tenor con la opinión del Secretario de Justicia de 5 de agosto de 1985, el referido pago quedaba en suspenso hasta que el beneficiario comenzara a disfrutar de la pensión de retiro de acuerdo con el Art. 6(A) de la Ley de Retiro, 3 L.P.R.A. sec. 766(A). Esto es, hasta que cumpliera los cincuenta y ocho (58) años de edad.

Inconformes con tales determinaciones administrativas, las demandantes recurridas instaron demanda de *injunction* preliminar y permanente contra el Secretario de Justicia, Hon. Héctor Rivera Cruz, el entonces Presidente de J.A.S.A.P., Sr. Nelson Cordero, el entonces Secretario del Departamento de Recursos Naturales, Sr. Alejandro Santiago Nieves, y el entonces Director de O.C.A.P., Sr. Guillermo Mojica Maldonado. En síntesis, alegaron que la interpretación que hizo el Secretario de Justicia en la referida opinión de 5 de agosto de 1985 del Art. 2 de la Ley Núm. 125, *supra*, 3 L.P.R.A. sec. 703a, establecía discrimen por razón de edad en contravención a la Constitución del Estado Libre Asociado y a la de Estados Unidos de América. Adujeron que dicha interpretación es ambigua y arbitraria, pues no provee para el pago de intereses por las cantidades de dinero acumuladas, además de alegadamente contravenir la intención legislativa de la Ley Núm. 125, *supra*.

Finalmente, impugnaron el Memorando Especial Núm. 8–24 de 28 de septiembre de 1984 del Director de O.C.A.P., donde se establece que el pago global de la licencia por enfermedad acumulada al momento de acogerse a una pensión diferida constituye un impedimento para posteriormente retirar las aportaciones del empleado al Sistema de Retiro.

Luego de los trámites procesales de rigor, el foro de instancia acogió la demanda como una solicitud de sentencia declaratoria y el 12 de septiembre de 1986 dictó sentencia en la que declaró improcedente la reclamación de la licenciada González, pues ésta no contaba con el mínimo de diez (10) años cotizados requerido por la Ley de Retiro (3 L.P.R.A. sec. 766(A)) a todo participante para acogerse a la pensión diferida y, por lo tanto, improcedente el reclamo de la licencia por enfermedad acumulada a tenor con la Ley Núm. 125, *supra*, 3 L.P.R.A. sec. 703a. En cuanto a la señora Centeno, ordenó que el Departamento de Recursos Naturales pagara inmediatamente la licencia por enfermedad acumulada. Por último, declaró nulo e ineficaz el Memorando Especial Núm. 8–24 del Director de O.C.A.P. por considerarlo contrario a derecho.

Inconforme con dicha sentencia, acude ante nos el Estado Libre Asociado y señala que:

1. Erró el Honorable Tribunal de Instancia al determinar que a la co-demandante-co-recurrida Lydia E. Centeno Cruz le asistió un derecho al pago global de la licencia por enfermedad al momento de su separación del servicio público, al amparo de las disposiciones de la Ley Núm. 125 de 10 de junio de 1967, según enmendada, 3 L.P.R.A. sec. 703(a).

2. Aún [sic] cuando se determinara, que contrario a la Opinión del Honorable Secretario de Justicia de 5 de agosto de 1985, un empleado público, participante del Sistema de Retiro tiene derecho al pago global de la licencia por enfermedad acumulada hasta un máximo de noventa (90) días al momento de su separación del servicio público, erró el Honorable Tribunal de Instancia en haber declarado nula e ineficaz el Memorando Especial 8-24 del día 28 de septiembre de 1984 del Director de la Oficina Central de Administración de Personal donde se determina que aquel empleado que se acoge a una pensión diferida al momento de la separación del servicio público, y se le efectuó en ese momento el pago global de licencia por enfermedad acumulada hasta un máximo de noventa (90) días está imposibilitado de retirar posteriormente sus aportaciones al Sistema de Retiro. Solicitud de revisión, pág. 5.

Expedido el recurso, las partes han comparecido. Resolvemos.

## II

■ En *Caballero v. Sistemas de Retiro, supra*, resolvimos la primera cuestión aquí planteada. Allí dispusimos "que un empleado participante que renuncia a su puesto para acogerse a una pensión diferida bajo la Ley de Retiro, 3 L.P.R.A. sec. 766(A), es acreedor al pago global de la licencia por enfermedad que, hasta un máximo de noventa (90) días laborables, tenga acumulada durante sus años de servicio por quedar incluido dentro del concepto amplio de 'para acogerse a la jubilación' dispuesto en la Ley Núm. 125, *supra*, 3 L.P.R.A. sec. 703a". Íd., pág. 165.

Por tratarse de una situación fáctica idéntica, aquí se impone igual conclusión de derecho.

■ En este caso, la señora Centeno era acreedora al pago global de su licencia acumulada al momento de separarse del servicio. Ella era una participante del Sistema de Retiro que cualificaba para la pensión diferida así dispuesta en ley, 3 L.P.R.A. sec. 766(A), y por lo tanto, al pago global de la licencia, 3 L.P.R.A. sec. 703a. No así la licenciada González. Ésta no era acreedora a la pensión diferida, puesto que sólo había cotizado durante nueve (9) años al Sistema de Retiro. Su separación del servicio no podía ser, pues, "para acogerse a la jubilación" como requiere la Ley Núm. 125, *supra*, 3 L.P.R.A. sec. 703a, para que proceda el pago de la licencia por enfermedad acumulada. Adviértase que aun al no participante del Sistema de Retiro se le requiere que haya prestado por lo menos diez (10) años de servicio al Gobierno para ser acreedor a este pago. De los autos no se desprende que la licenciada González haya solicitado sus aportaciones al Sistema de Retiro para convertirse en una empleada no participante con derecho a

su licencia por enfermedad acumulada durante sus más de diez (10) años naturales de servicio público. Ante tal situación, no procedía el pago global.

## III

Réstanos pasar juicio sobre el Memorando Especial Núm. 8–24 de 28 de septiembre de 1984, emitido por el Director de O.C.A.P. Según dicho memorando, el pago global de la licencia por enfermedad acumulada realizado al momento del empleado separarse del servicio para acogerse a una pensión diferida impide que éste posteriormente retire sus aportaciones al Sistema de Retiro.

Conviene aquí recordar lo señalado en *Caballero v. Sistemas de Retiro*, supra, págs. 166–167:

> El pago global de la licencia por enfermedad acumulada responde al derecho adquirido por el empleado por los servicios prestados, derecho que ha venido acumulando durante los diez (10) años de servicio en el empleo público requeridos por la ley. El pago de la pensión diferida responde al dinero que en aportaciones acumuladas dicho empleado ha venido haciendo al Sistema de Retiro. 3 L.P.R.A. sec. 763. Dentro de estas aportaciones monetarias no está incluido el valor monetario del tiempo acumulado en concepto de vacaciones o licencia por enfermedad no agotadas por el empleado. Son dos (2) derechos distintos del empleado. Tan es así que la pensión diferida por años de servicio la tiene que satisfacer el Sistema de Retiro a tenor con la Ley Núm. 447, *supra*, mientras que la liquidación global de las licencias tiene que satifacerla la agencia concernida, a tenor con lo dispuesto en el Art. 2 de la Ley Núm. 125, *supra*, 3 L.P.R.A. sec. 703a. (Énfasis y escolios omitidos.)

Ahora bien, el hecho de que sean dos (2) derechos distintos no quiere decir que sean totalmente independientes. Veamos.

En el caso del empleado participante del Sistema de Retiro, por disposición de la Ley Núm. 125, *supra*, el pago global de la licencia por enfermedad depende de que éste se

acoja a cualquier tipo de pensión o anualidad dispuesta en la Ley de Retiro, 3 L.P.R.A. sec. 702(a), incluyendo, claro está, la pensión diferida, 3 L.P.R.A. sec. 766(A). La pensión diferida está definida en la ley así:

> Los participantes cuya separación del servicio ocurriere antes de cumplir la edad de cincuenta y ocho (58) años; y que hubieren terminado, por lo menos, diez (10), y menos de veinticinco (25) años de servicios acreditables; *y que no hubieren solicitado ni recibido el reembolso de sus aportaciones acumuladas;* tendrán derecho a recibir una anualidad *por retiro diferida.* Los mencionados participantes recibirán una anualidad *por retiro diferida, que comenzará al cumplir éstos la edad de cincuenta y ocho (58);* o, a opción suya, en cualquier fecha posterior, si hubieren completado diez (10) o más años y menos de veinticinco (25) años de servicio; o a partir de la fecha en que cumplan la edad de cincuenta (50) años en caso de policías y bomberos, y de cincuenta y cinco (55) años en caso de los demás participantes si hubieren completado en uno u otro caso, por no menos veinticinco (25) años de servicio. (Énfasis suplido.) 3 L.P.R.A. sec. 766(A).

 Como se notará, la pensión diferida está condicionada a que los participantes "no hubieren solicitado ni recibido el reembolso de sus aportaciones acumuladas ...". Estas aportaciones, que no incluyen las cantidades monetarias correspondientes al tiempo acumulado en licencia por enfermedad no liquidada, son todas las que el participante hace al Sistema de Retiro y los intereses devengados por éstas al tipo corriente prescrito por la Junta de Síndicos del Sistema de Retiro. 3 L.P.R.A. sec. 763. Para que proceda tal reembolso la Ley de Retiro dispone, en lo pertinente, que:

> *A su separación* del servicio, siempre que esta separación fuere permanente, se pagará *a todo participante sin derecho a anualidad por retiro,* y a solicitud suya salvo lo que en contrario se disponga en la presente, un rembolso [sic] equivalente al importe de sus aportaciones al Sistema. (Énfasis suplido.) 3 L.P.R.A. sec. 774.

■■■■ *A contrario sensu*, ningún participante que al momento de su separación escoja una pensión diferida con derecho futuro a una anualidad por retiro es acreedor a tal reembolso ni puede, *a posteriori*, hacer un cambio del tipo de *status* bajo el sistema de retiro al cual quiera estar acogido. Esa facultad de escoger la tiene el participante cuando es empleado y ocupa un puesto antes de separarse del servicio público. De ahí que la pensión por años de servicio disponga que:

> Dicha anualidad comenzará en la fecha que el participante especifique *en la solicitud de retiro*, pero en ningún caso antes de su separación del servicio. (Énfasis suplido.) 3 L.P.R.A. sec. 766(A).

■■■■ De suerte que un participante del Sistema de Retiro que mientras es empleado opta por acogerse a la pensión diferida dispuesta en la Ley de Retiro, 3 L.P.R.A. sec. 766(A), renuncia al reembolso de sus aportaciones al sistema y tendrá derecho al cobro de las mismas cuando cumpla las edades allí especificadas. Está impedido, pues, de cambiar su *status*, puesto que ya se habrá separado del servicio público al momento en que solicite tal cambio al Sistema de Retiro.

Una solución en contrario haría inmanejable un sistema de retiro que funciona a base de unas proyecciones a la luz de las opciones que antes de su separación realiza el participante. No puede quedar en manos de quienes ya se han separado del servicio la decisión de administrar las aportaciones al sistema y su reembolso al participante.

■■■■ Adviértase que el impedimento no surge por el hecho de que al empleado se le haga efectivo el pago de la licencia por enfermedad a que tiene derecho. Ese, como vimos, es un derecho distinto. La prohibición surge de la propia Ley de Retiro que establece diversas opciones para el empleado antes de su separación del servicio y los efectos jurídicos que conlleva cada opción.

■ Así, un participante puede optar por el reembolso de todas sus aportaciones acumuladas en el Sistema de Retiro a su separación permanente del servicio. No podría, en tal caso, optar luego por la pensión diferida a menos que devuelva las sumas recibidas junto con sus intereses que al tipo corriente hayan devengado dichas sumas durante el período transcurrido desde la fecha de la devolución de las mismas hasta la fecha de reintegro al Sistema de Retiro. 3 L.P.R.A. sec. 774.

■ Nótese que si opta por el reembolso de sus aportaciones seguirá siendo acreedor al cobro de su licencia por enfermedad acumulada como un no participante del Sistema de Retiro, siempre que haya prestado por lo menos diez (10) años de servicio público. 3 L.P.R.A. sec. 703a.

■ Esta prohibición no surge expresamente de la Ley de Retiro. Surge de la interpretación integral de las distintas disposiciones de dicha ley, las cuales reflejan que estas distintas opciones del empleado son excluyentes entre sí, pues no puede el empleado solicitar y obtener una pensión diferida, 3 L.P.R.A. sec. 766(A), y al poco tiempo obtener el reembolso de las aportaciones al sistema, 3 L.P.R.A. sec. 774.

De suerte que acogerse a una pensión diferida es un impedimento para que posteriormente el empleado solicite el reembolso de las aportaciones acumuladas al Sistema de Retiro, pues se desvirtuaría el andamiaje sobre el cual descansa dicho sistema.

Por tales razones, no podemos concurrir con el foro de instancia en que la Ley de Retiro no establece una prohibición de esta naturaleza. Por lo tanto, aunque por fundamentos distintos, concurrimos con O.C.A.P. en que las autoridades nominadoras deben orientar a sus empleados participantes en el Sistema de Retiro en el sentido de que al ejercer su derecho a una pensión diferida "estén conscientes de que no podrán recibir luego el reembolso de sus

aportaciones acumuladas en dicho sistema", y de que el Sistema de Retiro debe abstenerse de reembolsar las aportaciones de sus participantes cuando el empleado informa y solicita su separación del servicio para acogerse a una pensión diferida y la autoridad nominadora tramita y certifica que dicho participante se separa del servicio para acogerse a dicha pensión diferida.

Por los fundamentos expuestos, *se confirma la sentencia del foro de instancia en cuanto a la improcedencia del pago global de la licencia por enfermedad acumulada por la licenciada González en el servicio público y en cuanto a la procedencia del pago inmediato de dicha licencia en el caso de la señora Centeno. Se revoca el dictamen de nulidad del Memorando Núm. 8-24 del Director de O.C.A.P. de 28 de septiembre de 1984 en conformidad con lo aquí resuelto.*

*Se dictará sentencia en conformidad con lo aquí expuesto.*

El Juez Asociado Señor Negrón García no intervino. El Juez Asociado Señor Hernández Denton concurre con el resultado sin opinión escrita. El Juez Asociado Señor Rebollo López disiente sin opinión escrita.